# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW SLABON, | ) |
| | ) |
| Plaintiff, | ) Case No. 16 cv 10605 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner Social Security Administration,[1] | ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Slabon filed a *pro se* three-count Amended Complaint, alleging the defendant Commissioner of the Social Security Administration (the "Commissioner") violated Slabon's due process and equal protection rights, and intentionally caused him emotional distress. The Commissioner moves to dismiss [20] the Amended Complaint in its entirety with prejudice for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b). For the reasons stated herein, the Court grants the motion in part and converts the motion in part to a motion for summary judgment.

**Background**

Andrew Slabon began receiving Supplemental Security Income ("SSI") benefits in November 2009 after the Social Security Administration found he met the medical and non-medical criteria for receiving SSI.[2] Slabon was arrested and taken into custody in January 2014. He was

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Nancy A. Berryhill as current the Acting Commissioner of the Social Security Administration.

[2] In paragraph 7 of the Amended Complaint [18] Slabon states that he began receiving benefits in 2009. The Commissioner attached the Notice of Decision to her memorandum in support of the motion to dismiss, supplying the November 2009 date. (Dkt. 21, Ex. A, B). The Court considers the documents only to establish the decision and timeframe, which Slabon refers to more generically in his Amended Complaint. Thus this Court need not convert the instant motion to one under Rule 56 for summary judgment. *See, e.g., Hecker v. Deer & Co.,* 556 F.3d 575, 582-83 (7th Cir. 2009).

convicted at trial of aggravated battery and was incarcerated in the Illinois Department of Corrections until his release in February 2016. During his incarceration the Commissioner suspended and then terminated Slabon's SSI benefits.

Defendants have submitted exhibits indicating that Slabon contacted the SSA about filing a new SSI application on February 29, 2016, the Monday following his release from prison.[3] (Dkt. 21, Ex. E). On March 8, 2016, Slabon filed a new application for SSI benefits. (*Id.* at Ex. F). The Commissioner denied the application both initially and on reconsideration. (*Id.* at Ex. G, H). Slabon requested a hearing before an Administrative Law Judge, which was scheduled for May 19, 2017. (*Id.* at Ex. I, J).

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Pisciota v. *Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). A plaintiff can plead himself out of court by alleging facts that defeat the claim. *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for subject matter jurisdiction. The Court may look beyond the jurisdictional allegations in the complaint and consider any evidence submitted on the issue to determine whether jurisdiction exists. *E.g., Farnik v. F.D.I.C.*,

---

[3] This Court can consider documents outside the pleadings for the purpose of determining subject matter jurisdiction. This Court therefore will consider Exhibits E-J for the sole purpose of evaluating whether this Court has subject matter jurisdiction.

707 F.3d 717, 721 (7th Cir. 2013) (citing *Alicea–Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003)).

**Discussion**

As an initial matter, this Court notes that Slabon does not dispute that he cannot bring the instant complaint as a class action in the manner it is set forth. (Dkt. 25 at 3). Accordingly, this Court considers the Amended Complaint only as a pleading on behalf of Slabon as an individual plaintiff.

The Commissioner moves to dismiss the claims as they relate to Slabon's 2016 post-incarceration application for lack of jurisdiction because that application remains pending in the agency. The Amended Complaint includes allegations that Slabon has reapplied for SSI and has been twice denied. (Dkt. 18 at ¶¶ 13-14). For this Court to have jurisdiction over a challenge to the denial of SSI benefits there must be a final agency decision. 42 U.S.C. §405(g). "On its face s 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S. Ct. 893, 899, 47 L. Ed. 2d 18 (1976). It is undisputed that a hearing was scheduled to take place on May 19, 2017, on Slabon's 2016 application for SSI. As of entry of this Order, this Court has not received notice from either party of a final agency decision. Accordingly, this Court lacks jurisdiction over any claims arising from the 2016 application.

The Commissioner also moves to dismiss Count III of the Amended Complaint, which alleges intentional infliction of emotional distress under Illinois law, for lack of subject matter jurisdiction. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, is the exclusive avenue to pursue tort claims against the government and its agencies. The FTCA contains an explicit exception to waiver of sovereign immunity (i.e., consent to be sued) for intentional torts, such as intentional infliction of emotional distress. 28 U.S.C. §2680(h). Even if the Commissioner had

consented to be sued under the FTCA for intentional infliction of emotional distress, this Court must still dismiss Count III because Slabon never presented this claim to the SSA. *See* 28 U.S.C. §2675(a) (a claimant must have presented the tort claim to the agency and received a final decision as a prerequisite to suit against the agency). Accordingly, this Court dismisses Count III.

Next, the Commissioner moves to dismiss Count II of the Amended Complaint, alleging that suspension and termination of SSI benefits following 12 consecutive months of suspension based on incarceration violates equal protection. For legislation to pass constitutional muster under an equal protection analysis, the Supreme Court requires that legislation classify the persons it affects in a manner rationally related to legitimate governmental objectives. *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S. Ct. 1074, 1080–81, 67 L. Ed. 2d 186 (1981) (citing *e. g., Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Mathews v. De Castro*, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976)). Slabon appears to be challenging the suspension and termination of SSI benefits on the basis of incarcerated status, arguing that upon release from prison he is without means of support absent his SSI benefits.

As the Supreme Court in *Schweiker* observed, the SSI program classifies eligible individuals into three categories: "persons not in a 'public institution' may receive full benefits; persons in a 'public institution' of a certain nature ('hospital, extended care facility, nursing home, or intermediate care facility *receiving payments (with respect to such individual or spouse ) ... under [Medicaid]* )'… may receive reduced benefits; and persons in any other "public institution" may not receive any benefits. *Schweiker*, 450 U.S. at 231. The Court found the classification rationally related to legitimate governmental objectives of providing financial assistance to SSI eligible individuals, but limiting the benefits when the individual's subsistence needs are met by an institution. *Id.* at 238-39. In *Milner v. Apfel,* 148 F.3d 812, 815 (7th Cir. 1998), the Seventh Circuit reiterated that the suspension of benefits to incarcerated individuals does not violate equal protection. The court in *Milner* stated that

such challenges had been "uniformly rebuffed," citing examples from three other circuits. Therefore, Slabon cannot as a matter of law state a claim for equal protection violation based on the suspension and termination of his SSI benefits. This Court dismisses Count II of the Amended Complaint.

The implementing and notice procedures that the Commissioner employs to administer SSI have been found to constitutionally comply with due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 349, 96 S. Ct. 893, 910, 47 L. Ed. 2d 18 (1976) (holding that the procedures for termination of social security benefits comply with due process). However, the issue remains whether the procedure the Commissioner employed for notice of suspension SSI benefits for incarcerated individuals violated Slabon's due process rights. Slabon alleges that he never received notice that his SSI benefits would be suspended if he was incarcerated for longer than a month and that his benefits would terminate if his period of incarceration (and suspension of SSI) lasted for twelve consecutive months. The Commissioner concedes that, once the agency became aware that Slabon was in prison, the agency sent notice of the suspension of Slabon's SSI benefits to his last known address rather than his place of incarceration. Thus, technically, the agency did not provide actual notice to Slabon of the suspension and of his SSI benefits, including his administrative appeal rights and remedies. *See Sims v. Comm'r of Soc. Sec.*, No. 01 C 778, 2002 WL 31883061, at *4 (N.D. Ill. Aug. 29, 2002) (Brown, M.J.) (concluding on summary judgment that the plaintiff did not present sufficient evidence that she was denied basic due process when her notice of denial of social security benefits and right of civil appeal was sent to the wrong address, even after she had previously informed the defendant of her change of address on several occasions.)

The Commissioner argues for dismissal of Count I, asserting that the agency did not violate Slabon's due process rights because the procedures pass constitutional muster and sending the notice to the wrong address is harmless error. In support of its motion to dismiss the due process

count for failure to state a claim, the Commissioner relies on material outside the pleadings.[4] This Court therefore converts the Commissioner's Rule 12(b)(6) motion to dismiss to a motion for summary judgment. *See* Fed.R.Civ.P. 12(d).

Pursuant to Rule 12(d), this Court will allow Slabon time to submit evidentiary material responsive to the Commissioner's motion with respect to his due process claim. Slabon must present sufficient evidence that he never received adequate notice that his SSI would be suspended if he were incarcerated for a month or longer and that a suspension of benefits for longer than 12 consecutive months results in termination. *See Sims*, 2002 WL 31883061, at *5.

**Conclusion**

Based on the foregoing, the Commissioner's Motion to Dismiss [20] is granted as to allegations involving Slabon's 2016 application for SSI, Count II for violations of equal protection, and Count III for state law intentional infliction of emotional distress. This Count converts the motion with respect to Count I to a motion for summary judgment. Plaintiff Slabon is granted thirty days from entry of this Order to file evidence as set forth above.

IT IS SO ORDERED.

Date: June 15, 2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[4] The material on which the Commissioner relies contains all of the notices the agency sent to Slabon, a "Fact Sheet on SSI Federal Living Arrangement Categories" that was to inform Slabon of the implications of becoming an inmate of a public institution (i.e., a prison), and other documents informing Slabon of his rights and responsibilities once he began receiving SSI. (Dkt. 21, Ex. A-C). The Commissioner further relies on the Notice of Planned Action sent to Slabon's residential address to inform him that he was no longer eligible for SSI as of February 1, 2014, due to his January 2014 incarceration. (*Id.* at Ex. D).