# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW SLABON, ) | |
| ) | |
| Plaintiff, ) | Case No. 16 cv 10605 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| NANCY A. BERRYHILL, Acting Commissioner ) | |
| Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the defendant Commissioner of the Social Security Administration's (the "Commissioner") motion to dismiss [20] on Count I of plaintiff Andrew Slabon's *pro se* three-count Amended Complaint, which this Court converted to a motion for summary judgment pursuant to Rule 12(d). Upon consideration of the parties' further submissions to the court relating to the motion for summary judgment, this Court grants summary judgment in favor of the Commissioner on Count I.

**Background**

*Procedural History*

Plaintiff Andrew Slabon filed a *pro se* three-count Amended Complaint, alleging the defendant Commissioner of the Social Security Administration (the "Commissioner") violated Slabon's due process and equal protection rights, and intentionally caused him emotional distress. On June 15, 2017, this Court dismissed Counts II and III and converted the motion to dismiss to one for summary judgment on Count I. *Slabon v. Berryhill,* No. 16 C 10605, Memorandum Opinion and Order, Dkt. 28 (June 15, 2017).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Nancy A. Berryhill as current the Acting Commissioner of the Social Security Administration.

1

Count I of the Amended Complaint alleged that the Social Security Administration violated Slabon's due process rights because the procedures for notice of suspension of Supplemental Security Income ("SSI") benefits for incarcerated individuals do not pass constitutional muster. The Commissioner moved to dismiss claiming that the procedures it employs to administer SSI are constitutionally sound and sending the notice of suspension of benefits to the wrong address is harmless error. Because the Commissioner relied on material outside the pleadings, this Court converted the motion to one for summary judgment and allowed Slabon thirty days to submit contrary evidence.

On July 14, 2017, Slabon submitted an affidavit and records indicating that he did not make or receive any communication relating to the suspension of his SSI benefits. Slabon further attests that he did not receive any of the Commissioner's letters sent prior to his incarceration, informing him that a change in his living arrangements could alter his SSI benefits. *See* Dkt. 30, Pl's Decl. Ex. B.2 at ¶¶ 10, 12. On August 8, 2017, this Court granted the Commissioner leave to file a reply in support of summary judgment over Slabon's written objection. Slabon then filed a surreply without seeking leave of court.

*Factual Background*

Slabon began receiving SSI benefits in November 2009 after the Social Security Administration found he met the medical and non-medical criteria for receiving SSI. Slabon was arrested and taken into custody in January 2014. He was convicted at trial of aggravated battery and was incarcerated in the Illinois Department of Corrections until his release in February 2016. During his incarceration the Commissioner suspended and then terminated Slabon's SSI benefits. Upon his release from custody, Slabon reapplied for SSI benefits. His application was denied.[2]

---

[2] Slabon requested a hearing before an Administrative Law Judge, which was scheduled for May 19, 2017. The outcome of that hearing is unknown to this Court.

2

**Legal Standard**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cartrett,* 477 U.S. 317, 322 (1986). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005).

**Discussion**

When this Court converted the motion to dismiss on Count I to a motion for summary judgment, this Court stated that Slabon must present sufficient evidence that he never received adequate notice that his SSI would be suspended if he were incarcerated for a month or longer and that a suspension of benefits for longer than 12 consecutive months results in termination. *See Sims v. Comm'r of Soc. Sec.*, No. 01 C 778, 2002 WL 31883061, at *5 (N.D. Ill. Aug. 29, 2002) (Brown, M.J.) (concluding on summary judgment that the plaintiff did not present sufficient evidence that she was denied basic due process when her notice of denial of social security benefits and right of civil appeal was sent to the wrong address, even after she had previously informed the defendant of her change of address on several occasions.). For the reasons stated below, Slabon has failed to present such evidence.

As this Court previously noted, the implementing and notice procedures that the Commissioner employs to administer SSI have been found to constitutionally comply with due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 349, 96 S. Ct. 893, 910, 47 L. Ed. 2d 18 (1976) (holding that the procedures for termination of social security benefits comply with due process). Nevertheless this Court found that there remained an issue as to whether the procedure the Commissioner employed for notice of suspension SSI benefits for incarcerated individuals violated

3

Slabon's due process rights. The Commissioner concedes that the agency sent notice of the suspension of Slabon's SSI benefits to his last known address rather than his place of incarceration. The Commissioner argues that the fact that Slabon did not receive actual notice of the suspension of his benefits is harmless error.

An error is harmless if, looking at the record as a whole, there is no significant chance that it would change the outcome. *Viramontes v. City of Chicago*, 840 F.3d 423, 430 (7th Cir. 2016).

> The doctrine of harmless error indeed is applicable to judicial review of administrative decisions. If it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time.

*Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (internal citations omitted). This Court must determine whether the Commissioner's failure to send Slabon notice of the suspension and termination of his benefits to his place of incarceration affected the agency's decision to suspend and terminate his benefits.

The Social Security Act mandates the suspension of benefits to incarcerated individuals in public institutions and further requires the termination of benefits after twelve months of continuous suspension. *See* 42 U.S.C. § 1633(e)(1)(I); 20 C.F.R. § 416.1320(a) and 416.1335; Program Operations Manual System (POMS) GN 02607.600 and SI 02301.205(B)-(C). Following the statutory procedure, the Commissioner first suspended and then terminated Slabon's benefits during his incarceration between January 2014 and February 2016. Therefore, for Slabon to have prevented the suspension of his benefits, he would have had to demonstrate that he was not incarcerated for a month. For Slabon to have prevented the agency from terminating his benefits he would have had to show that his benefits were not suspended for twelve months or were improperly suspended. This Court gave Slabon an opportunity to demonstrate that the Commissioner's failure to provide notice was more than a technical failure of due process, but actually had an impact on his rights. He

4

cannot do so. Slabon does not dispute his period of incarceration, in fact he alleged in his complaint that he was incarcerated for 25 months beginning January 27, 2014.[3] In opposition to summary judgment he suggests that he was released from Cook County custody on December 9, 2014, however, his period of incarceration is a matter of public record. Additionally, the only materials Slabon submitted in opposition to the summary judgment motion, the call logs and visitation records from Cook County Department of Corrections, do not present a genuine question of material fact on this issue. Even if the agency had sent notice to Slabon at his place of incarceration that the agency was suspending his benefits, the agency was required to suspend his benefits based on the fact of his incarceration for longer than a month. 20 C.F.R. § 1325(b) (Suspension of SSI is mandatory as of the first full calendar month of incarceration and continues as long as the person remains in prison.). This Court therefore is confident that if the case were remanded the Commissioner would reach the same conclusion. Thus, the failure to send notice to Slabon at his place of incarceration would not have affected the Commissioner's decision to suspend and terminate his SSI benefits.

Slabon argues that he would have accepted a plea agreement that would have required a term of incarceration of less than twelve months if he had known that his benefits would be suspended. Dkt. 30 at ¶ 5. However, this assertion is not accompanied by any corroborating evidence that such an offer existed or that Slabon would have accepted it despite his proclaimed innocence. *See Tyler v. Runyon*, 70 F.3d 458, 468 (7th Cir. 1995) (affirming summary judgment in favor of the defendant where the plaintiff presented only his own uncorroborated affidavit). Without more, this assertion is purely speculative. *See Id.* at 469 (citing *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir.

---

[3] Although Slabon alleges in his Amended Complaint that his period of incarceration began on January 27, 2016, his declaration states January 27, 2014. Dkt. 18, Amend. Compl. at ¶ 8; Dkt. 30, Ex. B.1, Decl. at ¶ 1. Slabon alleges in his Amended Complaint that his period of incarceration was 25 months, which corresponds to the Commissioner's representation of public records. Dkt. 18, Amend. Compl. at ¶ 8; Dkt. 21, MTD, Ex. E. In his declaration, however, Slabon states that he "was incarcerated at *Cook County Department of Corrections* until December 9, 2014." Dkt. 30, Ex. B.1, Decl. at ¶ 1.

1995) (unsupported speculation is insufficient to demonstrate a genuine issue of material fact)).

Further, the Commissioner presented unrebutted evidence that Slabon had been sent letters (in 2011, 2012, and 2013) from the agency prior to his incarceration to inform him of his rights and obligations for receiving benefits, including that any change in living arrangements could affect his SSI benefits. Dkt. 21, Williams Decl. at ¶¶ 6(d), (e); Ex. C. Slabon offers only his own declaration that merely states that he does not recall receiving the letters as evidence to contradict the letters from the agency. Dkt. 30 at ¶ 10. Slabon does not dispute that the letters were addressed to his last known residence. Thus, this Court presumes the properly addressed letters were received. *See Boomer v. AT&T*, 309 F.3d 404, 415 n.5 (7th Cir. 2002) (quoting *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932)); *see also Spivey v. Adaptive Mktg. LLC*, 622 F.3d 816, 820 (7th Cir. 2010) (citing *Godfrey v. United States,* 997 F.2d 335, 338 (7th Cir.1993) (holding that a presumption of receipt exists where there is "proof of procedures followed in the regular course of operations which give rise to a strong inference that the [correspondence] was properly addressed and mailed")). Accordingly, there is no genuine issue of material fact that Slabon received notice prior to his incarceration of the potential consequences to his benefits of a change in circumstances.

**Conclusion**

Based on the foregoing, this Court grants summary judgment in favor of the Commissioner. IT IS SO ORDERED.

Date: October 10, 2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge